## Richmond

DALE W. WICKHAM V. BARBARA PARK WICKHAM.

April 28, 1975.

Record No. 740500.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Hal Witt [D. C.] (H. Bradley Evans, Jr.; Sachs, Greenebaum & Tayler [D. C.]; Evans & Economou, on brief), for appellant.*

*Kaletah N. Carroll, for appellee.*

Per Curiam.

This case involves a unitary support award resulting from a court-approved separation and property settlement agreement entered into between the appellant-husband, Dale W. Wickham, and the appellee-wife, Barbara Park Wickham. The agreement required the husband to pay a lump sum of $930 per month "for the support and maintenance of the wife and the [three] minor children of the parties." The agreement provided that the payments would be reduced by the sum of $150 per month upon "the death or emancipation . . . of each child." On May 7, 1971, the agreement was affirmed, ratified, and incorporated in a final decree of divorce entered by the trial court.

On August 24, 1973, the wife filed a "Petition for Clarification and Modification of Final Decree." In the petition, the wife prayed for an "increase in child support" and for an order modifying the final decree "by declaring what portion of the

total sum paid by the [husband] to the [wife] is alimony and what portion is child support."

Ruling that the wife had failed to show a change of circumstances, the court denied the prayer for an increase in child support. The court further ruled, however, that the final decree "should be modified and clarified by setting forth specifically . . . the amount to be paid . . . for alimony and . . . the amount to be paid . . . for child support." Accordingly, the court ordered the husband to pay $480 per month as alimony and $150 per month for each child as child support. This appeal followed.

The husband contends that the trial court lacked authority to modify the final decree by splitting the unitary award into separate payments for alimony and child support. By so splitting the award, the husband argues, the court directed the payment of alimony contrary to the approved settlement agreement, in violation of Code § 20-109.[1] The apportionment had the further effect, the husband asserts, of depriving him, contrary to the intention of the parties, of certain income tax benefits to which he was entitled under the agreement.[2]

The wife contends, on the other hand, that apportionment of the award did not violate Code § 20-109. She argues that it was necessary to apportion the award so that the court, in determining whether an increase in child support was warranted, could leave undisturbed the portion allocated to alimony and thus avoid a violation of Code § 20-109. Apportionment was further required, the wife says, despite the husband's resulting loss of tax benefits, to preserve the court's

---

[1] "**§ 20-109. Changing alimony; effect of stipulations as to alimony; cessation upon remarriage or death.** — Upon petition of either party the court may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; *provided, however, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree . . . .*" (Emphasis added.)

[2] The agreement, as drafted, complies with the requirements of *Commissioner* v. *Lester*, 366 U.S. 299 (1961). *Lester* permits a husband to deduct from gross income, for tax purposes, the full amount of payments made, pursuant to written agreement, for support of his former wife and his children, provided an amount is not "specifically designated" for child support.

continuing power to supervise child support, as provided by Code § 20-108.[3] In any event, the wife asserts, any question of the court's authority to apportion the award is foreclosed by our recent decision in *Carter* v. *Carter*, 215 Va. 475, 211 S.E.2d 253 (1975).

We do not agree with the wife concerning the effect of the *Carter* decision. It is true that in *Carter* we considered Code § 20-109 and upheld apportionment of a unitary award made pursuant to an approved settlement agreement. But *Carter* presented a problem entirely different from what is involved here. In *Carter*, the apportionment, which resulted in the allocation to Mrs. Carter of a specific amount as alimony and in the abatement of child support, was necessitated by transfer of custody of the children from the mother to the father. This was a change of circumstances, the evidence showed, which was never contemplated by the parties when they entered into their settlement agreement.

*Carter* is limited in application to cases involving substantially similar factual situations. We did not intend the decision to stand for the proposition that a court, without any necessity therefor, may apportion a unitary award made pursuant to an approved settlement agreement.

Here, there was no necessity for apportioning the award. The necessity claimed by the wife, *viz.*, that circumstances had so changed as to warrant an increase in child support, was not shown to exist. Neither was it necessary for the trial court, in determining whether to grant an increase in child support, formally to apportion the award. The agreement and final decree themselves provided the basis, $150 per month for each child, from which to calculate and determine whether any change had occurred in the financial circumstances involving the children.

By employing the agreed upon basis for calculating and determining the children's financial needs, the court would have had all it required as a starting point to decide whether to make

---

[3] "**§ 20-108. Revision and alteration of such decrees.** — The court may, from time to time after decreeing as provided in the preceding section, on petition of either of the parents, or on its own motion or upon petition of any probation officer or superintendent of public welfare, which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."

additional provision for child support. If it had decided that more child support was warranted, it could have provided therefor merely by adding to the existing award, increasing the total the husband would be required to pay the wife. This disposition would have retained the unitary character of the award, thus protecting the tax benefits to which the husband was entitled under the agreement. Such disposition also would have avoided a possible violation of Code § 20-109 and would have preserved the court's continuing power to supervise child support under Code § 20-108.

The trial court having determined, however, that circumstances had not so changed as to warrant an increase in child support, there was no necessity even to consider the wife's prayer to apportion the award. The court should have dismissed the wife's petition.

Accordingly, we will reverse the judgment of the trial court and dismiss the wife's petition.

*Reversed and dismissed.*