482 S.E.2d 78

**Russell A. WHITE**

v.

**Drema C. WHITE.**

**Record No. 0030–96–3.**

Court of Appeals of Virginia.

March 11, 1997.

Rehearing En Bank Granted April 29, 1997.

Garland S. Spangler, Pearisburg, for appellant.

Max Jenkins (Jenkins & Jenkins, on brief), Radford, for appellee.

Present: BAKER, COLEMAN and ELDER, JJ.

BAKER, Judge.

Russell A. White (husband) appeals from an order entered on November 27, 1995 by the Circuit Court of Montgomery County (trial court) that held him in contempt for failing to comply with the provisions of a July 15, 1991 divorce decree. Husband contends that the trial court erred (1) in construing the terms of a "property settlement agreement" it had incorporated into the divorce decree and (2) in finding him guilty of contempt for failing to comply with that decree.

On May 31, 1991, Drema C. White (wife) filed a bill of complaint requesting a divorce and alleged that husband "agreed, in writing, to give [her] the sum of Thirty Thousand Dollars ($30,000.00), payable in 120 monthly installments...." The bill was personally served on husband. He failed to file a response or deny the allegations.

Husband was personally served with notice that depositions would be taken to be read as evidence in support of wife's bill. Husband did not appear at the deposition hearing and offered no evidence in support of his position.

On May 1, 1991, husband executed the following document: I, RUSSELL A. WHITE DO HEREBY PROMISE TO PAY THE $30,000.00 (THIRTY THOUSAND DOLLARS) MORTGAGE FOR THE HOUSE AND PROPERTY LOCATED AT 265, ASH DRIVE, CHRISTIANSBURG, VIRGINIA 24073. SAID PAYMENTS TO BE MADE TO FIRST VIRGINIA BANK ON A REGULAR MONTHLY BASIS FOR 120 (ONE HUNDRED TWENTY) MONTHS. I RESERVE THE RIGHT TO PAY OFF THE MORTGAGE EARLY WITHOUT PENALTY. I PROMISE TO PAY PRINCIPLE [sic] AND ACCRUED INTEREST ONLY. I WILL NOT PAY ESCROW FOR TAXES, INSURANCE, NOR ANY OTHER PURPOSE. IF ALLOWABLE BY CURRENT TAX CODES, I RESERVE THE RIGHT TO CLAIM MORTGAGE INTEREST AS MY EXPENSE FOR INCOME TAX PURPOSES. THIS PROMISE TO PAY THE MORTGAGE IN NO WAY CONSTITUTES LIABILITY FOR SAID PROPERTY. IN THE EVENT OF MY DEATH, THIS PROMISE IS NULL AND VOID—IT DOES NOT PASS TO MY HEIRS NOR TO MY ESTATE.

SIGNED: s/RUSSELL A. WHITE

DATE: 5-1-91

This 1st day of May, 1991

Amy O. Hall

Notary Public

Commission expires Jan. 2, 1994

The above document was not signed by wife.

The depositions filed with the Court disclose the following evidence given by wife:

Q. Now I believe that your husband entered into an agreement on May 1, 1991, wherein he agreed to pay you the sum

of $30,000.00, payable in 120 monthly installments, that being 119 installments of $431.72 beginning on June 23, 1991, and a final installment of $432.23 on May 23, 2001, is that correct?

A. Yes, that is correct.

Q. And that was filed with your bill of complaint and marked Exhibit "A"?

A. Yes.

Q. Are you requesting that this agreement be incorporated by reference into a final decree of divorce?

A. Yes, I am.

On July 15, 1991, after reviewing the depositions and the aforementioned document, the trial court entered a decree of divorce which provided that "the [husband] entered into an agreement dated May 1, 1991, with respect to maintenance and support ... that [husband] has not objected thereto." The decree further provided that

it is further ADJUDGED, ORDERED and DECREED that the Court doth ratify, confirm, approve and incorporate into this decree by reference thereto the Agreement *made by the defendant* dated May 1, 1991.

(Emphasis added).

The record discloses no objection to the trial court's construction of the evidence as a promise to pay "maintenance and support." Husband did not appeal from the trial court's findings included in the divorce decree. In fact, husband made no objection before the divorce decree became final and the time to appeal expired.

On November 17, 1994, wife sold the property described in Exhibit "A." Until that date, husband made the monthly payments as promised but thereafter ceased making further payments to wife. Husband asserted that any sum he owed was paid off as a part of the property sale. On February 2, 1995, wife moved for a show cause order to require husband to demonstrate why he should not be held in contempt of the

July 15, 1991 divorce decree for failure to make payments due her as ordered by that decree.

After the show cause hearing, the trial court held as follows: UPON CONSIDERATION of the facts and issues, the Court holds that by Final Decree entered on July 15, 1991, an agreement was made and ratified in a Decree dated May 1, 1991 which Decree stated that [husband] entered into an agreement dated May 1, 1991, *with respect to maintenance and support.*

By [sic] July 15, 1991, the Court construed the agreement as an obligation of Spousal Support.

The Court on July 15, 1991 having made this determination, must now decide in light of the current dispute between the parties, the characterization of said support obligation.    From the evidence presented herein, the Court finds as follows:

1.    The agreement previously ratified and confirmed constitutes a lump sum award to [wife] be [sic] a certain sum of $30,000.00 payable in installments, and it is hereby,

\* \* \* \* \* \* \*

ADJUDGED, ORDERED and DECREED, that this matter is taken under advisement for a period of one year from June 1, 1995 to allow [husband] to purge himself of said Contempt, provided he commence monthly payments to [wife] . . . beginning June 1, 1995.

(Emphasis added).

In this appeal, husband asserts that the agreement did not provide for the maintenance and support of wife as stated in the divorce decree, and that it was a "contract" only to pay a debt of wife.    In support of his argument, husband cites *Owney v. Owney,* 8 Va.App. 255, 379 S.E.2d 745 (1989).

In *Owney,* in return for promises made by the wife, the husband agreed to assume responsibility for the monthly payments of an outstanding loan described in a property settlement agreement.    The trial court issued a decree which

declared this monthly responsibility to be spousal support. The husband timely perfected an appeal from that declaration. This Court reversed and remanded the case, holding (1) that the trial court had failed to incorporate the agreement into the decree, thereby depriving itself of the power to enforce the agreement, and (2) that the trial court's finding that the husband's obligation was "spousal support" contravened the "plain language of the agreement," in violation of Code § 20–109.

Husband fails to acknowledge the critical differences between his case and *Owney*. In *Owney*, the aggrieved party properly preserved the substantive issue of whether his agreed payment was spousal support by filing a notice of appeal within thirty days of the decree. Here, husband failed to timely note an appeal from the trial court's findings made in the July 15, 1991 divorce decree. His complaint concerning the findings made in the divorce decree was first asserted four and one-half years after the divorce decree became final. In the contempt proceeding, for the first time, he argued that in the 1991 decree, the trial court erred by construing his promise to pay as "maintenance and support."

Rule 5A:6 and Code § 8.01–675.3 bar our consideration of husband's contention that the trial court's finding of spousal support contravenes the plain language of the agreement. Because husband did not file a timely appeal from the trial court's finding that the agreement included an obligation to pay spousal support, that finding is conclusive and husband cannot collaterally attack it four and one-half years later in a contempt proceeding. *See Rook v. Rook*, 233 Va. 92, 94–95, 353 S.E.2d 756, 757–58 (1987) (husband could not challenge a finding of contempt by arguing that property settlement agreement incorporated into final decree of divorce was void; absent an appeal, the time to challenge the decree was within twenty-one days of its entry); *see also Hall v. Hall*, 9 Va.App. 426, 388 S.E.2d 669 (1990).

Assuming that Exhibit "A" is a property settlement agreement or contract governed by Code § 20–109, as husband

argues, the dissent's discussion of contracts and the interpretation thereof fails to recognize the law applicable to this appeal. The trial court reviewed the evidence, concluded that wife was entitled to "maintenance and support," and established that the amount was $30,000, payable as described. The trial court's initial interpretation of the evidence presented in the divorce hearing may have been erroneous, but husband's remedy was to appeal and he failed to do so. Consequently, we are bound by the trial court's findings. We do not here rewrite a contract; we simply follow the rules established by the Supreme Court and the statutes enacted by the legislature.

At his option, husband must either (1) continue such payments, including their interest component, until the remaining balance is paid in full or (2) pay off the entire balance in a lump sum, thereby terminating the accrual of interest.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

COLEMAN, Judge, dissenting.

The majority concludes, in effect, that the provision in the July 15, 1991 final divorce decree which "ratif[ied], confirm[ed], approve[d], and incorporate[d] ... the Agreement made by the defendant dated May 1, 1991 ... with respect to maintenance and support" is *res judicata* on the issue of whether the agreement and decree incorporating it "constitutes a lump sum award to [wife] ... [of] a certain sum of $30,000.00 payable in installments." Thus, the majority holds that the defendant is barred from challenging on appeal the trial court's finding, which was essential to the contempt citation, that the agreement and decree constituted a $30,000 lump sum award husband was required to pay to the wife in 120 installments. I respectfully disagree with the majority.

The 1991 final divorce decree did nothing more than approve the agreement, incorporate it into the decree so that it could be enforced as a court order, and declare that it was

"with respect to maintenance and support," all as authorized by Code § 20–109.1.[1] The husband did not then, and does not now, contest those findings. He does not dispute that he agreed to pay the mortgage on the house as part of or in lieu of an obligation to pay spousal support or maintenance. Moreover, contrary to the majority's assertions, the husband was not aggrieved by any ruling in 1991 which adjudicates the issue he now appeals. The 1991 decree did not construe the agreement and hold that it "constitutes a lump sum award to [wife] ... [of] a certain sum of $30,000.00," which is the dispositive issue underlying this appeal. It was the November 27, 1995 contempt decree which construed the agreement and held, for the first time, that the husband had agreed to a $30,000 lump sum award of spousal support payable to the wife in installments.[2] It is the 1995 decree from which the husband appeals. Accordingly, the fact that Rule 5A:6 and Code § 8.01–675.3 may bar the husband from contesting the 1991 divorce decree, as the majority holds, is of no consequence. The husband timely appealed the 1995 decree. Thus, in my opinion, we must address the merits of the appeal

---

1. The provision in the July 15, 1991 divorce decree that the majority relies upon states as follows:

   that subsequent to the separation of the parties hereto, the defendant entered into an agreement dated May 1, 1991, with respect to maintenance and support, which agreement was attached to the bill of complaint in this cause as Exhibit "A" and filed with the pleadings herein; and that defendant has not objected thereto; it is therefore
   * * * * * * * *
   ADJUDGED, ORDERED and DECREED that the Court doth ratify, confirm, approve and incorporate into this decree by reference thereto the Agreement made by the defendant dated May 1, 1991.

2. The pertinent provision of the 1995 contempt decree provided as follows:

   By [decree dated] July 15, 1991, the Court construed the agreement as an obligation of Spousal Support.
   The Court on July 15, 1991 having made this determination, must now decide in light of the current dispute between the parties, the characterization of said support obligation. From the evidence presented herein, the Court finds as follows:
   1. The agreement previously ratified and confirmed constitutes a lump sum award to the complainant be a certain sum of $30,000.00 payable in installments. . . .

and decide whether the trial court in the 1995 decree correctly construed the agreement as incorporated in the final divorce decree to require the husband to pay the wife a lump sum of $30,000 payable in 120 monthly installments.

In my opinion, the trial court erred in construing the agreement and in holding the appellant in contempt. The terms of the contract are clear and unambiguous. Therefore, I would reverse the ruling of the trial court, find that the husband is not in contempt of the court's order, and remand the case to the trial court to vacate the contempt citation.

In Virginia, property settlement agreements are contracts subject to the same rules of formation, validity, and construction as other contracts. *Smith v. Smith,* 3 Va.App. 510, 513, 351 S.E.2d 593, 595 (1986); *Tiffany v. Tiffany,* 1 Va.App. 11, 15, 332 S.E.2d 796, 799 (1985). Code § 20–109.1 provides that a court

> may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of marriage or from bed and board ... any valid agreement between the parties ... concerning the condition of the maintenance of the parties ... or establishing or imposing any other condition or consideration, monetary or nonmonetary.

Code § 20–109 provides:

> if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed ... no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

Thus, whether we characterize the agreement as being for "maintenance and support," or in lieu of maintenance or support, or whether it establishes or imposes a monetary condition or consideration between the parties, the agreement must be strictly construed and enforced according to its terms.

A well-settled principle of contract law dictates that "where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." A contract is not deemed ambiguous merely because the parties disagree as to the meaning of the language they used to express their agreement. Because the question whether a contract is ambiguous is one of law, this Court is not bound by the trial court's construction.... [C]ontracts must be construed as written.

*Ross v. Craw,* 231 Va. 206, 212–13, 343 S.E.2d 312, 316 (1986) (citations omitted).

Because the contract is clear and unambiguous, "[w]e are not at liberty to search for the meaning of the provisions beyond the pertinent instrument itself." *Smith,* 3 Va.App. at 514, 351 S.E.2d at 596. Moreover, "[a] court is not at liberty to rewrite a contract simply because the contract may appear to reach an unfair result," *Kaufman v. Kaufman,* 7 Va.App. 488, 501, 375 S.E.2d 374, 381 (1988), nor do we "rewrite contracts to insert provisions that have been omitted by the parties." *Jones v. Harrison,* 250 Va. 64, 68, 458 S.E.2d 766, 769 (1995); *see Westbury Coal Mining Partnership v. J.S. & K. Coal Corp.,* 233 Va. 226, 229, 355 S.E.2d 571, 572–73 (1987); *Lipps v. First Am. Serv. Corp.,* 223 Va. 131, 139, 286 S.E.2d 215, 220 (1982).

It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.

*Hederick v. Hederick,* 3 Va.App. 452, 455–56, 350 S.E.2d 526, 528 (1986) (quoting *Wilson v. Holyfield,* 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). On appeal, where the only issue is the construction of the terms of the contract, the meaning and

effect of the contract are questions of law which can readily be ascertained by this Court. *Fry v. Schwarting,* 4 Va.App. 173, 180, 355 S.E.2d 342, 346 (1987).

The terms of the agreement in question are clear and unambiguous. The husband agreed to pay the $30,000 mortgage on the house located at 265 Ash Drive in Christiansburg to First Virginia Bank in 120 monthly installments. Regardless of whether the contract is termed or characterized as an agreement to pay "spousal support" because it provided a pecuniary benefit to the wife, the agreement must be construed and enforced according to its express terms. The agreement expressly provided that the husband would make payments to the First Virginia Bank; it contained no provision for the husband to make payments to the wife, as the trial court has determined. The trial court was not at liberty to reform or rewrite the contract to provide that payments were to be made to the wife rather than to the bank.

When the wife sold the house and paid the balance on the mortgage from the proceeds, the indebtedness secured by the mortgage was extinguished. The agreement contains no provision requiring the husband to make monthly payments to the wife if the mortgage was paid by the wife, or if the mortgage indebtedness was extinguished by some other means, such as casualty or credit life insurance. Because the debt secured by the mortgage to the bank has been paid, the husband's contractual obligation to continue the mortgage payments to the bank has ended. This result is not altered simply because the wife voluntarily paid the debt which the husband had agreed to assume.

Thus, because the agreement contains no provision that requires the husband to make payments to the wife and because we are not at liberty to create such a provision, I would reverse the trial court's decision and remand the case for the trial court to vacate the contempt citation.

308

## UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT

On March 24, 1997 came the appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on March 11, 1997, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on March 11, 1997 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellant shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.