PRESENT:  All the Justices

RUSSELL A. WHITE

                                        OPINION BY
v.  Record No. 980197      JUSTICE LAWRENCE L. KOONTZ, JR.
                                      January 8, 1999
DREMA C. WHITE

                FROM THE COURT OF APPEALS OF VIRGINA

      In this appeal, we consider whether an agreement to pay a

mortgage on the former marital home, which was ratified by the

trial court and incorporated into a final divorce decree, was

properly construed by the trial court in a subsequent show cause

hearing as obligating the former husband to make spousal support

payments after the mortgage debt had been satisfied.

                              **BACKGROUND**

      Drema C. White and Russell A. White were married March 4,

1967.  The couple separated on May 24, 1988.  Mrs. White

continued to occupy the marital home located on Ash Drive in

Christiansburg.  Mr. White relocated to North Carolina and later

deeded his interest in this home to his estranged wife.

      In 1991, Mrs. White contacted Mr. White in North Carolina

and indicated that she intended to obtain a divorce.

Thereafter, at Mrs. White's request, Mr. White returned to

Virginia and executed the following agreement:

      I, RUSSELL A. WHITE DO HEREBY PROMISE TO PAY THE
      $30,000.00 (THIRTY THOUSAND DOLLARS) MORTGAGE FOR THE
      HOUSE AND PROPERTY LOCATED AT 265, ASH DRIVE,
      CHRISTIANSBURG, VIRGINIA 24073.  SAID PAYMENTS TO BE
      MADE TO FIRST VIRGINIA BANK ON A REGULAR MONTHLY BASIS

FOR 120 (ONE HUNDRED TWENTY) MONTHS.  I RESERVE THE
RIGHT TO PAY OFF THE MORTGAGE EARLY WITHOUT PENALTY.
I PROMISE TO PAY PRINCIPLE [sic] AND ACCRUED INTEREST
ONLY.  I WILL NOT PAY ESCROW FOR TAXES, INSURANCE, NOR
ANY OTHER PURPOSE.  IF ALLOWABLE BY CURRENT TAX CODES,
I RESERVE THE RIGHT TO CLAIM MORTGAGE INTEREST AS MY
EXPENSE FOR INCOME TAX PURPOSES.  THIS PROMISE TO PAY
THE MORTGAGE IN NO WAY CONSTITUTES LIABILITY FOR SAID
PROPERTY.  IN THE EVENT OF MY DEATH, THIS PROMISE IS
NULL AND VOID—IT DOES NOT PASS TO MY HEIRS NOR TO MY
ESTATE.

SIGNED:  s/RUSSELL A. WHITE

DATE:  5-1-91

This agreement was notarized, but was not signed by Mrs. White.

On May 31, 1991, Mrs. White filed a bill of complaint in the Circuit Court of Montgomery County (trial court) seeking a divorce and alleged that Mr. White had "agreed, in writing, to give [her] the sum of Thirty Thousand Dollars ($30,000.00), payable in 120 monthly installments."  The May 1, 1991 agreement was appended to the bill of complaint as "Exhibit 'A.'"  The bill of complaint was personally served on Mr. White, who did not file a response.

Mr. White was served with notice that the depositions of Mrs. White and others would be taken in support of the bill of complaint.  He did not appear when these depositions were subsequently taken or otherwise offer any evidence before the case was submitted to the trial court for entry of a final decree of divorce.  In Mrs. White's deposition, filed with the trial court, she requested that the May 1, 1991 agreement filed

with the bill of complaint and "marked Exhibit 'A'" be "incorporated by reference" in the final decree of divorce.

On July 15, 1991, after reviewing the depositions and the agreement, the trial court entered a final decree of divorce which provided that "[Mr. White] entered into an agreement dated May 1, 1991, with respect to maintenance and support."  The decree, pursuant to Code § 20-109.1, further provided that

> it is further ADJUDGED, ORDERED and DECREED that the Court doth ratify, confirm, approve and incorporate into this decree by reference thereto the Agreement made by the defendant dated May 1, 1991.

On November 17, 1994, Mrs. White sold the marital home and the balance due on the mortgage was paid from the proceeds of the sale.  Until that time, Mr. White made the monthly payments as called for in the agreement to the mortgagee bank, but thereafter he made no payments to Mrs. White.  On February 2, 1995, Mrs. White petitioned the trial court for an order to require Mr. White to show cause why he should not be held in contempt for failure to make the payments to her that she asserted were due pursuant to the July 15, 1991 divorce decree.

A show cause hearing was held on February 23, 1995.  During that hearing, Mr. White maintained that by the terms of the agreement in question he had obligated himself to the bank and not to Mrs. White.  Accordingly, he further maintained that the satisfaction of the mortgage when the home was sold terminated

3

his obligation under the agreement. Thereafter, the trial court entered an order on February 27, 1995 which, in pertinent part, provides:

> UPON CONSIDERATION of the facts and issues, the Court holds that by Final Decree entered on July 15, 1991, . . . which Decree stated that [Mr. White] entered into an agreement dated May 1, 1991, with respect to maintenance and support.
>
> By [the decree dated] July 15, 1991, the Court construed the agreement as an obligation of Spousal Support.[1]
>
> The Court on July 15, 1991 having made this determination, must now decide in light of the current dispute between the parties, the characterization of said support obligation. From the evidence presented herein, the Court finds as follows:
>
> 1. The agreement previously ratified and confirmed constitutes a lump sum award to [Mrs. White] be [sic] a certain sum of $30,000.00 payable in installments, and it is hereby,
>
> . . . .
>
> ADJUDGED, ORDERED and DECREED, that this matter is taken under advisement for a period of one year from June 1, 1995 to allow [Mr. White] to purge himself of said Contempt, provided he commence monthly payments to [Mrs. White] . . . beginning June 1, 1995.

Upon Mr. White's appeal to the Court of Appeals, a divided panel affirmed the judgment of the trial court. The majority of the panel agreed with the trial court that the reference to the agreement in the final decree of divorce as being "an agreement

---

[1]The trial judge who conducted this hearing was not the same judge who entered the divorce decree.

4

. . . with respect to maintenance and support" constituted a "finding" that the agreement included an obligation to pay spousal support.  Accordingly, the majority held that because the finding had not been appealed in 1991 it was not subject to collateral attack in the 1995 show cause hearing.  White v. White, 24 Va. App. 297, 302-03, 482 S.E.2d 78, 80 (1997).

Mr. White filed a petition for rehearing en banc, which the Court of Appeals granted.  Upon the rehearing en banc, an equally divided Court affirmed the judgment of the trial court without opinion.  The opinion previously rendered by the panel was withdrawn, and the mandate entered under that opinion was vacated.  White v. White, 26 Va. App. 250, 251, 494 S.E.2d 161, 162 (1997).  We awarded Mr. White this appeal.

## DISCUSSION

Relative to a divorce proceeding, Code § 20-109.1 authorizes the trial court, in its discretion, to

> affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce . . . any valid agreement between the parties . . . concerning the conditions of the maintenance of the parties, or either of them . . . or establishing or imposing any other condition or consideration, monetary or nonmonetary.

When a court exercises the authority given to it under Code § 20-109.1, or thereafter enforces the resulting decree,

> no decree or order directing the payment of support and maintenance for the spouse . . . or establishing or imposing any other condition or consideration,

5

> monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

Code § 20-109.

This provision of Code § 20-109 inhibits the power of the court to award or consider modification of the decree to the extent that spousal support and maintenance are provided for in the incorporated agreement of the parties. See Wickham v. Wickham, 215 Va. 694, 213 S.E.2d 750 (1975); McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970). In such cases, the intent of the parties as expressed in the agreement controls, and the agreement is treated as a contract and construed in the same manner as all contracts. See Eaton v. Eaton, 215 Va. 824, 826, 213 S.E.2d 789, 791 (1975); Paul v. Paul, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974). Thus, the issue presented by the present appeal is whether the trial court in 1995 properly construed the parties' May 1, 1991 agreement, which was incorporated into the July 15, 1995 final decree of divorce, as an obligation of spousal support of a lump sum requiring Mr. White to pay that sum in monthly installments with interest to Mrs. White.[2]

---

[2]Contrary to the view expressed by the majority in the opinion of the panel of the Court of Appeals, this issue is properly preserved by Mr. White's appeal from the trial court's February 27, 1995 order. The 1991 divorce decree simply did not construe the agreement as a lump sum spousal award.

6

The parties do not contend, and neither do we find, that the language of the agreement is ambiguous. Therefore, under well established principles, we adhere to the plain meaning of its stated terms. See Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). The agreement clearly obligates Mr. White to pay the $30,000 mortgage on the house located at 265 Ash Drive in Christiansburg to First Virginia Bank in 120 monthly installments. It contains no provision for Mr. White to make any payments to Mrs. White. Moreover, and of particular significance in this case, nothing within the express terms of the agreement evinces any intent of the parties that Mr. White's obligation would survive the satisfaction of the mortgage debt, regardless of the manner in which that debt was extinguished.

Accordingly, we hold that the agreement obligated Mr. White to make payments on the mortgage on the marital home so long as that debt existed, but did not obligate him to pay a fixed sum to the wife in installments with interest, as she alleged in her bill of complaint and as the trial court subsequently found in the show cause hearing. The language of the final decree of divorce referencing the agreement as "an agreement . . . with respect to maintenance and support" could not, and did not, alter the intent of the parties as expressed in the agreement.

For these reasons, and because there is no dispute that Mr. White made the required mortgage payments, we will reverse the

7

judgment of the Court of Appeals and enter final judgment for Mr. White, dismissing the rule to show cause.

Reversed and final judgment.