COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


ROSS KINNISON HALL

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2021-04-4                    JUDGE JAMES W. BENTON, JR.
                                                         OCTOBER 11, 2005
MARLENE SUE HALL


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

David L. Ginsberg (Cooper Ginsberg Gray, PLLC, on briefs), for
appellant.

Donna M. McIntosh (Smith, Hudson & Carluzzo, P.C., on brief), for
appellee.


In this divorce proceeding, the trial judge sustained the wife's objections to the husband's

interrogatories about adultery and later struck the husband's amended answer, which alleged that

their prenuptial agreement barred spousal support for adultery and that the wife had committed

adultery.  For the reasons that follow, we reverse those rulings and remand for a new trial.

I.

Marlene Sue Hall filed a bill of complaint for divorce, alleging that her husband, Ross

Kinnison Hall, deserted the marriage.  She requested spousal support, attached to the pleading a

postnuptial agreement that addressed spousal support, and requested the judge to incorporate the

agreement into an order.  In pertinent part, the agreement provides that the husband shall pay the

wife spousal support in the amount of $2,500 per month for a specified number of months if the

husband deserts the marriage and for another period if he and wife mutually agree to separate.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The agreement also provides that the wife relinquishes her right to spousal support if the husband presents proof of her adultery. The agreement defines "proof of adultery" as "unaltered photographic or video representation of adultery; or a finding of guilty of adultery in a court of law."

The husband filed an answer, which referenced the agreement but did not assert a specific defense to the wife's claim of spousal support. Later, the husband served interrogatories seeking information about the wife's adulterous conduct. The wife objected to the interrogatories, contending they were irrelevant and, therefore, exceeded the scope of permissible discovery under Rule 4:1(b)(1). The trial judge sustained the objection to the interrogatories and granted the husband leave to file an amended answer.

The husband filed an amended answer, alleging that the agreement provides that if he "present[s] proof [the wife] has committed adultery, she agrees to relinquish her rights under this agreement." He also alleged the details of a specific instance of the wife's adultery. His answer further alleged that "[u]pon information and belief, [wife] has committed adultery at other times and places."

On the wife's motion, the trial judge held a hearing, considered the argument of both attorneys, and struck the husband's amended answer. The trial judge ruled that the husband's answer did not constitute "sufficient pleadings for a grounds of divorce on adultery to address the issue even for support." The trial judge reasoned as follows:

> [T]he way that [Code § 20-107.1] is framed, in order to establish adultery you have to establish adultery as a grounds of divorce. . . . The court can give a divorce on one-year separation, but . . . in order to negate the argument for spousal support, you must prove that they are guilty not of a simple act of adultery, but of adultery as a grounds of divorce, and that is a legal term.
>
> And in order to prove adultery as a grounds of divorce, this court would have to make a finding that there is sufficient evidence to find adultery as a grounds of divorce, and without a pleading

requesting a . . . divorce based on adultery, the parties are never brought to issue.

The trial judge granted the husband leave to file a cross-bill of complaint, but the husband did not do so.

At the conclusion of the trial, the judge awarded a divorce on the ground the parties had lived apart for one year and ordered the husband to pay the wife spousal support in the amount specified in the parties' agreement. This appeal followed.

## II.

We agree with the husband's contention that the trial judge erred in sustaining the wife's objection to his interrogatories.

Rule 4:8(e) provides that any party may serve upon another party interrogatories that "relate to any matters which can be inquired into under Rule 4:1(b)." In turn, Rule 4:1(b)(1) defines the general scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

As the plain language of Rule 4:1(b)(1) indicates, a party's request for discovery will not be denied so long as it is "relevant to the subject matter involved in the pending action." Id.; see Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Capital Corp., 249 Va. 426, 438-39, 457 S.E.2d 28, 36 (1995). The rule thus establishes a "broad scope" for discovery requests, defining the relevancy of such requests by relation to the subject matter of the action, "*regardless* of whether [they] relate[] to the claim or defense of the party seeking discovery or to the claim or

defense of any other party." 1 Friend's Virginia Pleading and Practice § 11-5 (2004) (emphasis added).

Prior to the year 2000, Federal Rule of Civil Procedure 26(b)(1) provided the same "broad scope" of discovery allowed by Virginia's Rule 4:1(b)(1). Indeed, the pertinent language of Virginia's rule exactly mirrored the federal rule.[1] The Supreme Court of Virginia has not yet followed the federal example by amending this discovery rule. Rule 4:1(b)(1) thus retains the broader scope of discovery present under the older, pre-2000 federal rule. Therefore, federal cases interpreting the rule as it existed before 2000 provide guidance in interpreting Virginia's current rule. See Rakes v. Fulcher, 210 Va. 542, 545-46, 172 S.E.2d 751, 755 (1970) (reviewing federal decisions interpreting another rule "substantially the same" as the Virginia counterpart).

The United States Supreme Court case of Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), addressed the scope of the rule prior to the amendment, the issue raised in the instant appeal. In discussing the concept of relevancy under Fed. R. Civ. Pro. 26(b)(1), the Supreme Court held:

> The key phrase in [the] definition [of the scope of discovery]—
> "relevant to the subject matter involved in the pending action"—

---

[1] On December 1, 2000, Federal Rule of Civil Procedure 26(b)(1) was amended. The amendment to the rule narrowed the permissible scope of "party-controlled discovery to matters 'relevant to the claim or defense of any party.'" 6 Moore's Federal Practice-Civil § 26.41(2)(a) (2005). As amended, the current Federal Rule of Civil Procedure 26(b)(1) provides, in part:

> Parties may obtain discovery regarding any matter, not privileged,
> that is relevant *to the claim or defense of any party*, including the
> existence, description, nature, custody, condition, and location of
> any books, documents, or other tangible things and the identity and
> location of persons having knowledge of any discoverable matter.
> For good cause, the court may order discovery of any matter
> *relevant to the subject matter involved in the action*.

(Emphasis added). Thus, under the current federal rule, a party seeking discovery of a matter not contained in the pleadings but generally germane to the subject matter of the suit must first obtain approval from the court by showing good cause. See 6 Moore, *supra,* § 26.41(2)(a).

has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See Hickman v. Taylor, 329 U.S. 495, 501 (1947). Consistently with the notice-pleading system established by the Rules, *discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues*. Id., at 500-501. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

Oppenheimer Fund, 437 U.S. at 351 (emphasis added) (footnotes omitted); see also 23 Am. Jur. 2d Depositions and Discovery § 23 (2004).

Although the wife's bill of complaint did not raise the issue of adultery in this case, the agreement she attached to the bill of complaint contains a provision barring spousal support for adultery. Thus, the wife's adultery, if true, would be "relevant to the subject matter of the suit" because the wife requested "spousal support . . . in accordance with the Agreement." Under Rule 4:1(b)(1), the husband was therefore entitled to propound the interrogatories in an effort to define and clarify the issues and investigate the viability of the agreement's adultery defense to his spousal support obligation. See 6 Moore's Federal Practice-Civil § 6(b) (2005) ("A request for discovery [before the 2000 amendment to Fed. R. Civ. Pro. 26(b)(1)] was considered relevant if there was *any possibility* that the information sought may be relevant to the subject matter of the action." (emphasis added)). In other words, if the "material . . . requested . . . is not specifically encompassed by issues raised in the pleadings, but . . . is relevant to the subject matter of the action, such matter is discoverable and may later be included in the pleadings, if later required for admissibility at trial, by amendments thereto." Carlson Cos. v. Sperry & Hutchinson Co., 374 F. Supp. 1080, 1103 (D. Minn. 1973).

In light of the foregoing, we hold that the trial judge erred as a matter of law in concluding that the husband's interrogatories were irrelevant because they did not relate to any claim or defense. As such, the judge abused the discretion normally afforded trial judges in

manners involving the granting or denying of discovery. See O'Brian v. Langley Sch., 256 Va. 547, 552, 507 S.E.2d 363, 366 (1998); see also Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (holding that "'a trial court by definition abuses its discretion when it makes an error of law'").

III.

In the same order sustaining the wife's objections to the interrogatories, the trial judge granted leave to the husband to file an amended answer. We agree with the husband that the trial judge later erred in striking the amended answer.[2]

The record establishes that wife's bill of complaint for divorce requested "spousal support for herself, in accordance with the [agreement]." She attached to the bill of complaint a copy of the agreement, which provided in pertinent part the following:

> 5. DISSOLUTION OF MARRIAGE . . . If [the wife] and [the husband] should mutually agree to separate and dissolve their marriage, then [the husband] agrees to pay support of no less than $2,500 per month for a period of 36 months commencing upon the date of separation, and for an additional 12 months upon each five year wedding anniversary. [The wife] and [the husband] agree that certain events, such as adultery or desertion, will result in special provisions, as follows:
>
> (1) Upon [the wife] presenting proof that [the husband] has committed adultery, then [the husband] agrees to provide to [the wife] support of no less than $2,500 per month, for a period equal to the number of months of their marriage. For the purposes of this agreement, proof of adultery is defined as; unaltered photographic or video representation of adultery; or, a finding of guilty of adultery in a court of law.

---

[2] We reject the wife's contention that the husband failed to preserve this issue for appeal. The husband noted his objections at the hearing, and he filed detailed objections on the final decree of divorce. This is sufficient to satisfy Rule 5A:18. See Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) ("[C]ounsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.").

(2) Upon [the husband] presenting proof that [the wife] has committed adultery, she agrees to relinquish her rights under this agreement. For the purposes of this agreement, proof of adultery is defined as; unaltered photographic or video representation of adultery; or, a finding of guilty of adultery in a court of law.

By leave of court, the husband filed an amended answer. He alleged the following circumstances in this amended answer:

3. [The husband] admits that [the wife] has correctly recited a portion of the parties' agreement . . . and does not dispute that the copy of the Agreement that was attached to the Bill of Complaint is an accurate copy. [The wife] fails to mention the portion of the Agreement that states, "[u]pon [the husband] presenting proof that [the wife] has committed adultery, she agrees to relinquish her rights under this agreement."

4. [The husband] maintains that [the wife] has committed adultery, and as a result, he should not be obligated to pay spousal support to [the wife]. During the parties' marriage, [the husband] walked into the former marital residence and found [a man -- identified by name] coming down the stairs from the bedroom level of the residence. After [the man's] departure, [the wife] and her daughter vacated the residence for several days. Shortly after [the husband's] encounter with [the man, the husband] and his son discovered provocative clothing belonging to [the wife] that contained evidence of sexual activity.

5. Upon information and belief, [the wife] has committed adultery at other times and places.

As relief, the husband requested the judge to find that the wife committed adultery and to deny the wife's request for spousal support "in compliance with the parties' agreement."

Striking the amended answer, the trial judge ruled that the husband "can[not] defeat the payment of spousal support by showing adultery without filing a cross-bill for adultery." He explained "that the way [Code § 20-107.1] is framed, in order to establish adultery you have to establish adultery as a grounds of divorce . . . and without a pleading requesting a grounds of divorce based on adultery, the parties are never brought to issue."

Nothing in Code § 20-107.1 or any other statute required the husband to file a pleading requesting a divorce for adultery when he merely sought to plead the parties' agreement as a bar to spousal support. The wife's pleading sought to have the parties' agreement "affirmed, ratified, and incorporated" into the final decree as permitted by Code § 20-109.1, and the wife sought an award of spousal support "in accordance with the [agreement]." In plain language, the husband's amended answer pled the agreement as a bar to spousal support. Thus, both wife and husband invoked the authority of the trial judge to render their agreement "a term of the decree" as permitted by Code § 20-109.1. Indeed, the final decree granted a divorce on the ground that the parties have lived apart, and it provides "that the Order . . . incorporating the parties' agreement shall remain in full force and effect."

The decision in White v. White, 257 Va. 139, 509 S.E.2d 323 (1999), addresses in substantial part this issue.

> When a court exercises the authority given to it under Code § 20-109.1, or thereafter enforces the resulting decree,
>
> > no decree or order directing the payment of support and maintenance for the spouse . . . or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.
>
> Code § 20-109.
>
> This provision of Code § 20-109 inhibits the power of the court to award or consider modification of the decree to the extent that spousal support and maintenance are provided for in the incorporated agreement of the parties. See Wickham v. Wickham, 215 Va. 694, 213 S.E.2d 750 (1975); McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970). In such cases, the intent of the parties as expressed in the agreement controls, and the agreement is treated as a contract and construed in the same manner as all contracts. See Eaton v. Eaton, 215 Va. 824, 826, 213 S.E.2d 789, 791 (1975); Paul v. Paul, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974).

White, 257 Va. at 144, 509 S.E.2d at 325.

"The office of pleadings is to give notice to the opposing party of the nature and character of the claim." Boyd v. Boyd, 2 Va. App. 16, 18-19, 340 S.E.2d 578, 580 (1986). The husband's allegations and prayer for relief in the amended answer informed the wife (and the judge) in plain and unmistakable language that the agreement barred her from receiving spousal support if she had committed adultery. Although the amended answer alleged that the wife had committed adultery and named the person involved, it is a defensive pleading that does not seek to establish independent grounds for a divorce. Simply put, the husband's amended answer gave sufficient notice of his intent to pursue the issue of adultery as a bar to spousal support under the agreement.

For these reasons, we hold that the trial judge abused his discretion in striking the husband's interrogatories and erred in striking the amended pleading, which sought to invoke the authority of Code § 20-109 to limit spousal support in accordance with the parties' agreement. Accordingly, we reverse the decree and remand for further proceedings consistent with this opinion.

Reversed and remanded.