COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


CHARLES NATHANIEL BROWN, JR.
                                                    OPINION BY
v.       Record No. 0663-08-1                JUDGE ROBERT J. HUMPHREYS
                                                    APRIL 7, 2009
OPHELIA KEELING BROWN


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Mark R. Baumgartner (A. Bartlett Keil; Anne C. Lahren; Pender &
Coward, on briefs), for appellant.

Sheera R. Herrell (Jeffrey D. Tarkington; Hofheimer Ferrebee, on
brief), for appellee.


        Charles Nathaniel Brown, Jr. ("husband") appeals a ruling of the circuit court dismissing

his petition to terminate spousal support due to a material change in circumstance.  On appeal,

husband contends that the circuit court erred in ruling that a consent decree incorporating an

agreement between Ophelia Keeling Brown ("wife") and him qualified as a "stipulation or

contract" under Code § 20-109(C).  Husband asserts that this consent decree merely resolved a

show cause petition and did not "purport to modify the amount of spousal support ordered" in the

final decree of divorce.  Thus, husband argues that his spousal support obligation remained

modifiable for a material change in circumstance.  For the reasons that follow, we agree with

husband and reverse the ruling of the circuit court.

                                   I.  Background

        "On appeal, we construe the evidence in the light most favorable to the appellee."

Pinkard v. Pinkard, 12 Va. App. 848, 850, 407 S.E.2d 339, 340 (1991).  "That principle requires

us to discard the evidence of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the evidence was as follows.

After nearly thirty-four years of marriage, husband and wife were divorced by entry of a final decree of divorce on March 22, 2004.[1] In the final decree, husband was ordered to pay wife "as and for spousal support the sum of $1,250.00 per month, payable on the 1st of each month, commencing August 1, 2003, and continuing on the 1st of each and every month thereafter." Because the circuit court made husband's spousal support obligation retroactive to August 1, 2003, he was considerably behind in his spousal support payments at the time the final decree was entered.

On April 24, 2004, wife filed a show cause petition in the Juvenile and Domestic Relations District Court for the City of Norfolk ("the JDR court") for husband's failure to pay $11,250 in spousal support pursuant to the final decree of divorce. Prior to the hearing, husband and wife reached an agreement that resolved the pending show cause petition. Under the terms of this agreement, husband would pay wife $500 towards the support arrears on June 30, 2004, $1,000 on the thirtieth of July, August, September, October, and November, and finally, $5,750 on December 30, 2004. The agreement also provided that husband was to pay wife $1,250 "as spousal support" on the thirtieth of each month commencing June 30, 2004, "and continuing each month thereafter." On May 24, 2004, the agreement resolving the show cause petition was incorporated into a court order ("the Order") that was prepared by wife's counsel and signed by husband "seen and agreed." Husband was *pro se* at the time the Order was entered.

---

[1] Husband appealed from the judgment of the circuit court granting a final decree of divorce and awarding spousal support and attorneys' fees to wife. In an unpublished opinion, we affirmed the judgment of the circuit court. See Brown v. Brown, No. 1001-04-1 (Va. Ct. App. Nov. 2, 2004). The parties did not have a property settlement agreement.

On April 17, 2007, husband sought to retire and filed a motion to terminate spousal support due to a material change in circumstance. On May 7, 2007, wife filed a motion in the JDR court to dismiss husband's petition. When the JDR court granted wife's motion to dismiss, husband appealed to the circuit court. In a letter opinion dated January 7, 2008, the circuit court granted wife's motion and dismissed husband's petition. The circuit court found that the Order was a "consent decree, which has a binding legal effect on the parties and may not be modified or terminated at the unilateral request of one party." The circuit court further found that the Order "qualifies as a stipulation or contract under Code § 20-109(C) . . . which incorporates the agreement of the parties [and] does not state that spousal support may be modified or terminated due to a material change in circumstance."

This appeal followed.

II. Analysis

Code § 20-109 allows a court to decrease a spousal support award "'[u]pon petition of either party,'" if the moving party is able to prove "'both a material change in circumstances and that this change warrants a modification of support.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). However, Code § 20-109(C) provides that:

> In suits for divorce, annulment and separate maintenance, and in proceedings arising under subdivision A 3 or subsection L of § 16.1-241, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract. If such a stipulation or contract is filed after the entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.

Not every agreement that impacts or affects the payment of spousal support, particularly of a spousal support arrearage, is necessarily a contract subject to the limitations of Code § 20-109(C). As the first sentence of the subsection states, it only applies "[i]n suits for divorce, annulment and separate maintenance, and in proceedings arising under subdivision A 3 or subsection L of § 16.1-241 . . . ."[2] Code § 20-109(C). Simply put, "Code § 20-109(C) expressly limits the court's authority to modify an agreed upon spousal support award according to the terms of a stipulation or contract signed by the parties." Blackburn v. Michael, 30 Va. App. 95, 100, 515 S.E.2d 780, 783 (1999). This case requires us to determine whether a consent decree resolving a show cause petition constituted an agreement to modify spousal support, thereby making the consent decree subject to the limitations imposed by Code § 20-109(C).

"We apply ordinary principles of contract law when construing a 'stipulation or contract' under Code § 20-109(C)." Newman v. Newman, 42 Va. App. 557, 568, 593 S.E.2d 533, 539 (2004) (*en banc*). Although a consent decree is "[a] court decree that all parties agree to," Black's Law Dictionary 441 (8th ed. 2004), "'it is contractual in its nature and should be construed as though it were a contract.'" Newman, 42 Va. App. at 568, 593 S.E.2d at 539 (quoting Gazale v. Gazale, 219 Va. 775, 779, 250 S.E.2d 365, 367 (1979)). Consequently, a consent decree may properly "constitute a 'stipulation or contract' under Code § 20-109(C)." Id. at 563, 593 S.E.2d at 536. However, "[a]s with all contractual instruments, the party asserting the existence of an agreement bears the burden of persuasion to prove its existence." Baldwin v. Baldwin, 44 Va. App. 93, 99 n.1, 603 S.E.2d 172, 174 n.1 (2004).

---

[2] Code § 16.1-241(A)(3) concerns proceedings involving "[t]he custody visitation, support, control or disposition of a child . . . [w]hose custody, visitation, or support is a subject of controversy or requires determination." Code § 16.1-241(L) concerns proceedings involving "[a]ny person who seeks spousal support after having been separated from his spouse."

In Newman, this Court held that "[a]bsent equitable grounds warranting rescission, a contract cannot be judicially modified or terminated at the unilateral request of a contract party unless the agreement expressly authorizes such relief. The same is true for a consent decree." 42 Va. App. at 568-69, 593 S.E.2d at 539. However, in Baldwin, we further clarified that "[u]nder Newman, a decree does not attain contractual character purely by virtue of its consensual entry. One can consent to the entry of an order without entering into a binding bilateral agreement." 44 Va. App. at 99 n.1, 603 S.E.2d at 174 n.1. A review of the facts of Newman is helpful to our analysis of whether the Order constituted a binding bilateral agreement to modify husband's spousal support obligation.

The consent decree at issue in Newman arose from a dispute over the amount of spousal support the husband was to pay to his wife. In that case, the husband filed a motion to modify both spousal and child support due to a material change in circumstance. Newman, 42 Va. App. at 561, 593 S.E.2d at 535. The wife opposed the motion. Id. Prior to its disposition, husband and wife reached an agreement resolving their spousal support dispute. "The parties presented to the trial judge an agreed order stating, in its first sentence, that they appeared 'by counsel' and that 'all matters in dispute are settled and agreed.'" Id. In addition, "the parties . . . reaffirmed in open court (at trial and on appeal) the contractual character of the decree." Baldwin, 44 Va. App. at 99 n.1, 603 S.E.2d at 174 n.1 (discussing the facts of Newman).

A few months later, the husband filed another motion to modify his spousal support obligation due to a material change in circumstance. Newman, 42 Va. App. at 561, 593 S.E.2d at 535-36. However, the circuit court denied the motion. This Court affirmed holding that, because the final consent decree did not expressly retain the ability to be modified, husband's spousal support obligation could not be modified for a material change in circumstance pursuant to Code § 20-109(C). Id. at 571, 593 S.E.2d at 540. Furthermore, the wife met her burden to

- 5 -

prove the existence of a contract under Code § 20-109(C), "because the final consent decree stated that 'all matters in dispute' were 'settled and agreed' and then recited verbatim the terms of the parties' agreement on permanent spousal support." Baldwin, 44 Va. App. at 99 n.1, 603 S.E.2d at 174 n.1 (quoting Newman, 42 Va. App. at 561, 593 S.E.2d at 535).

In this case, wife argues that, like the wife in Newman, she met her burden to prove the existence of a contract under Code § 20-109(C). We disagree. Absent express language to the contrary, the intent of the parties in forming a contract may be inferred from the circumstances in which the contract was created. See Black v. Powers, 48 Va. App. 113, 130, 628 S.E.2d 546, 555 (2006). Unlike Newman, the Order here was created in the context of a show cause petition, not a motion to modify spousal support. The first sentence of the Order states "THIS DAY came the parties on [wife's] Show Cause for failure of [husband] to pay spousal support." From the face of the Order it is clear that the dispute between husband and wife, which was to be resolved by the Order, did not concern the *amount* of spousal support husband was to pay to wife, as in Newman, but rather concerned the *manner* in which husband would pay back his support arrears.

In further contrast to the situation in Newman, the Order does not purport to resolve all issues between the parties. In Newman, the first sentence of the consent decree provided that "all matters in dispute are settled and agreed." 42 Va. App. at 561, 593 S.E.2d at 535. The Order in the case at bar, however, contains only the language "seen and agreed." At most, this language indicates husband's intent to resolve the show cause petition, it being the only matter in dispute between the parties at that time. Thus, given the context in which it was created and the language used in its drafting, it is clear that the Order was limited to resolving the show cause

- 6 -

petition and was not intended to modify husband's spousal support obligation in the final decree of divorce.[3]

We have previously held that "[w]here the court's decree does not expressly or by necessity supplant the provisions of the former decree incorporating the agreement or *where the two are not incompatible*, the valid provisions of both decrees will be enforced." Schmidt v. Schmidt, 6 Va. App. 501, 505, 370 S.E.2d 311, 314 (1988) (emphasis added). Nowhere in the Order did the parties express their intention to modify or supplant the provision in the final decree of divorce concerning husband's spousal support obligation. Nor are the two provisions incompatible. Each requires husband to make a monthly payment to wife of $1,250, "as spousal support." In fact, the only difference between the two provisions is the timing of that payment. Thus, the Order and the final decree of divorce should be read together with the final decree setting forth the amount of husband's monthly spousal support payment and the Order establishing the date of that payment.

### III. Conclusion

In conclusion, we hold that the Order was not a contract that modified husband's spousal support obligation within the meaning of Code § 20-109(C). The Order merely resolved the show cause petition and did not modify the spousal support obligation in the final decree of divorce. Therefore, husband's spousal support obligation remained modifiable for a material change in circumstance, and we reverse the ruling of the circuit court and remand for further proceedings on husband's petition to terminate spousal support consistent with this opinion.

Reversed and remanded.

---

[3] If the parties had truly intended to modify husband's spousal support obligation in the final decree of divorce, one would expect that they would have moved the court to incorporate the consent decree into the final decree of divorce. Under Code § 20-109(C), the circuit court would have been required to grant any such motion.