COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued by teleconference.


DENNIS F. WILLIAMS

MEMORANDUM OPINION* BY
v.      Record No. 1176-08-2      JUDGE ROBERT P. FRANK
JULY 21, 2009

LINDA LOU WILLIAMS


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Harrison H. Braxton, Jr., Judge Designate

Lawrence D. Diehl (Brandy M. Poss; Barnes & Diehl, P. C., on
brief), for appellant.

Joseph A. Vance, IV, for appellee.


Dennis F. Williams (husband) appeals from an order denying his motion to reduce his

spousal support payments to Linda Lou Williams (wife) under the terms of the parties' property

settlement agreement (PSA), and awarding wife attorney's fees.  Husband contends the trial

court erred in (i) failing to find that "substantial change[s] of circumstances" occurred in wife's

financial status warranting a reduction in spousal support under the terms of the PSA; (ii) failing

to include wife's investment income; (iii) failing to impute investment income to wife based on

gifts to her adult children of income-producing assets; (iv) excluding certain documentary

evidence pertaining to wife's financial needs; and (v) awarding wife attorney's fees in violation

of the PSA.  Husband also seeks an award of attorney's fees incurred in this appeal.  Concluding

that husband established substantial changes in wife's financial needs, we reverse the trial court's

denial of his motion to reduce spousal support, and remand for consideration of whether those

──────────────
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

changes warrant a modification of support. We also reverse the court's award of attorney's fees to wife, as contrary to the terms of the PSA. We further deny husband's request for appellate attorney's fees.

I. Background

In reviewing the trial court's decision on appeal, we view the evidence in the light most favorable to wife, the prevailing party below, granting her the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to discard the evidence of [husband] which conflicts, either directly or inferentially, with the evidence presented by [wife] at trial." Id. (citations and internal quotation marks omitted).

After twenty-seven years of marriage, the parties separated in 2002 and executed the PSA on May 1, 2003. Under the PSA, husband was obligated to pay wife $3,500 per month in spousal support. The parties also expressly agreed that "this amount of support may be changed based upon a substantial change of circumstances not otherwise set out herein." The PSA further provided that, as part of wife's marital property distribution, husband was obligated to make a deferred payment of $550,000 to wife, which would be evidenced by a promissory note, payable as follows: "principal payment of $50,000.00 on or before November 1, 2003, and $25,000.00 on or before May 1, 2004, and $25,000 on each succeeding May 1, with the entire balance, if not sooner paid, due and payable on May 1, 2023."

The parties' PSA was "affirmed, ratified and incorporated" into their final decree of divorce, entered in February 2004. In November 2006, husband filed a motion in the juvenile and domestic relations district court in Spotsylvania County to reduce his spousal support payment obligation under the PSA. Husband's motion was based on allegations that wife's income had increased, her expenses had decreased, and his income had decreased – all

constituting "a substantial change of circumstances not otherwise set out [in the PSA]." Following an evidentiary hearing, the court denied husband's motion. Husband appealed this ruling to the circuit court.

After an evidentiary hearing in circuit court, in January 2008, the circuit court likewise denied husband's motion. As to the evidence regarding wife's income, it was undisputed that at the time the PSA was incorporated into the final divorce decree in 2004 wife was working part-time at a Hallmark card shop earning $5,184 a year. She also earned $924 in interest income. At the time of the 2008 hearing, wife was working full-time selling apparel at Gander Mountain, earning $27,704 a year.

It was also undisputed that in early 2007 husband sold the former marital residence, which secured his above-referenced promissory note to wife under the PSA. That sale "triggered" husband's lump sum payment of the remaining balance owed to wife on the note, in the sum of $425,000. Largely as a result of this final payment, wife was earning approximately $18,000 a year in interest income at the time of the hearing. In the prior period between the execution of the PSA and the final payment, wife had earned no more than $2,500 in interest income in any one year. Also, after receiving the final payment from husband, wife gave the parties' two adult daughters a total of $114,000[1] to financially assist them and their respective families.

In a letter opinion, the circuit court found that husband failed to establish any "significant or substantial change in circumstances not envisioned in the [PSA]," and thus denied husband's motion to reduce his spousal support payments to wife. The court also awarded wife $5,813.40 in attorney's fees.

---

[1] There was conflicting testimony that the amount of the gift was $100,000 and $114,000.

II.  Analysis

A.  Substantial Changes in Wife's Financial Needs

Husband challenges the circuit court's rejection of his motion for a reduction of his spousal support payments by arguing that wife's increase in wages and interest income constituted substantial changes in circumstances under the terms of the PSA, thus warranting the reduction.[2]

Our review of the circuit court's decision is governed by well-settled principles. Decisions concerning spousal support "rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).  The trial court "by definition abuses its discretion when it makes an error of law."  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (citation and internal quotation marks omitted).  "Code § 20-109 allows a court to [modify] a spousal support award '"[u]pon petition of either party,"' if the moving party is able to prove '"both a material change in circumstances and that this change warrants a modification of support."'"  Brown v. Brown, 53 Va. App. 723, 726-27, 674 S.E.2d 597, __ (2009) (quoting Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989))).  The material change in circumstances since the previous support award "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).  This authority of the trial court to modify spousal support, however, is subject to the Code § 20-109(C) proviso that, where a PSA has been

_____

[2] We note that, on brief, both husband and wife use the terms "substantial" and "material" interchangeably in reference to the provision in the PSA requiring "a substantial change of circumstances not otherwise set out herein" for a modification of spousal support.  The correct reference, however, as this language of the PSA dictates, is "substantial" and not "material."

- 4 -

incorporated into the final divorce decree, as in this case, "no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that . . . contract." See Brown, 53 Va. App. at 727, 674 S.E.2d at ___; Blackburn v. Michael, 30 Va. App. 95, 100, 515 S.E.2d 780, 782 (1999); Pendleton v. Pendleton, 22 Va. App. 503, 507, 471 S.E.2d 783, 785 (1996).  Finally, "[i]n construing the terms of a property settlement agreement, just as in construing the terms of any contract, we are not bound by the trial court's conclusions as to the construction of the disputed provisions."  Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986) (citation omitted).

Under the parties' PSA, husband was obligated to pay spousal support to wife in the amount of $3,500 per month.  The PSA also provided, however, that "this amount of support may be changed based upon a substantial change of circumstances not otherwise set out herein." In addition, the PSA provided that husband owed wife a total of $550,000, evidenced by a promissory note (following an initial $50,000 payment) in equal annual installments of $25,000 through the year 2023, if not sooner paid.

Husband's motion for a reduction in spousal support was based on alleged substantial changes in wife's financial circumstances, particularly her wages and passive income, pursuant to the terms of the PSA.  L.C.S. v. S.A.S., 19 Va. App. 709, 715, 453 S.E.2d 580, 583 (1995) ("The primary basis for calculating a support obligation is a spouse's current income or any additional income within the spouse's earning capacity.").  It was undisputed that from 2004, when the parties' PSA was incorporated into their final divorce decree, to the time of the evidentiary hearing in 2008, wife's wages increased from $5,184 a year as a part-time employee to $27,704 a year as a full-time employee.

It was also undisputed that wife's interest income increased from no more than $2,500 in any one year to $18,000 a year, beginning in 2007—an increase of 720%.  This was likewise a

source of income the trial court was required to consider in assessing wife's alleged change in circumstances.  Id.; Barrs v. Barrs, 45 Va. App. 500, 508, 612 S.E.2d 227, 231 (2005); Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997).  Furthermore, this increase in interest income resulted from husband's lump sum payment of $425,000 to wife in 2007.  Under the terms of the PSA, husband could have satisfied the note over a course of nearly twenty years, thus the receipt of the payment in 2007 was not reasonably foreseeable.  Cf. Barrs, 45 Va. App. at 507-09, 612 S.E.2d at 230-31 (finding that wife's interest income was reasonably foreseeable).

Foreseeability

Wife contends that because her increase in income by virtue of obtaining a full-time job and the additional investment income generated by the receipt of the lump sum marital award payment was foreseeable, there was no substantial change in circumstances.[3]

> In Srinivasan v. Srinivasan, [10 Va. App. 728, 396 S.E.2d 675 (1990)], this Court held that, in setting support awards, a court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future."  [Id. at] 735, 396 S.E.2d [at] 679 (quoting Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986)).  What is "reasonably foreseeable" depends on the circumstances of the particular case.  Thus, when reviewing an appeal from a denial of an increase in support, this Court looks to objective evidence available at the time of the previous award of support in order to assess what increases in expenses might reasonably have been expected.  In doing so, we avoid assessing such increases in light of evidence that these increases have, in fact, occurred.  "'[S]pousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances.'"  Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

Furr, 13 Va. App. at 482, 413 S.E.2d at 74.

---

[3] Wife's argument is limited to "foreseeability" of the change, not whether there had been a substantial change in circumstances.

In Barrs, 45 Va. App. 500, 612 S.E.2d 227, we found an increase in passive income from an equitable distribution award was foreseeable. Barrs is clearly distinguished on its facts.

In Barrs, wife received $1.2 million as a marital award, with $248,870 payable on or before December 31, 1995 and thereafter $100,000 per year, plus interest, on the balance due, for ten years. Wife received interest payments each year. We reversed the trial court's finding of a material change in circumstances, finding the increase in passive income was foreseeable. We held "the facts show that the original equitable distribution award would clearly generate a steady and foreseeable stream of income for wife." Id. at 508, 612 S.E.2d at 231.

In this case, by contrast, husband agreed to pay $25,000 per year, which generated passive income each year. The PSA envisioned a 20-year payout. The only lump sum payment envisioned by the PSA was a $268,000 payment from husband to wife to enable her to purchase her own residence and an initial $50,000 payment due on or before November 1, 2003.

In addition, wife testified that "[she] did not have any idea that [she] would see [the money owed to her under the note]." In explaining why she gave $114,000 to her adult daughters, wife indicated she had not expected to get the $425,000 lump sum payment.

Wife is bound by that testimony. She cannot now disavow that testimony by claiming the payment was foreseeable.

As the Supreme Court of Virginia stated in Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922):

> No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he had testified.

Accord Patterson v. Patterson, 257 Va. 558, 563, 515 S.E.2d 113, 116 (1999); Henderson v. Henderson, 255 Va. 122, 126-27, 495 S.E.2d 496, 499 (1998); CSX Transportation, Inc. v. Casale, 250 Va. 359, 364, 463 S.E.2d 445, 448 (1995).

Wife's statement was a statement of fact within her own knowledge. She is bound by that statement. Therefore, when the parties executed the PSA, they could not have contemplated that by 2008 wife would be earning $18,000 a year in interest income from payments received from husband under the promissory note. We therefore conclude that the increase in passive income based on the lump sum payment was not foreseeable.

Because we find that wife's increase in passive income is a substantial, non-foreseeable change in circumstances, we need not evaluate whether there was such a change in wife's earned income. It matters not whether there is one change in circumstances or several, once a substantial change in circumstances has been established.

## Gifts to Adult Children

Appellant also contends the trial court erred in not imputing income to wife based on her gift of $114,000 to her adult children, reasoning that $114,000 would generate income, which should be considered in evaluating whether there has been a substantial change of circumstances. We agree.

The trial court, in addressing the gifts, concluded, "[W]hat Mrs. Williams does with her money is no business of Mr. Williams and does not amount to a change in circumstances."

Specifically applicable to this issue is Srinivasan, 10 Va. App. 728, 396 S.E.2d 675. There this Court held:

> A court may under appropriate circumstances impute income to a party seeking spousal support. This conclusion logically flows from the principle that one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of support need. . . . Code § 20-107.1 directs the trial court to consider as a factor, in setting the amount of spousal support, the

- 8 -

> earning capacity of the "parties."  A plain meaning of the word "parties" indicates that the legislature intended to include the earning capacity of the payee spouse as well as the payor.

Id. at 734, 396 S.E.2d at 679 (citations omitted); see also Joynes v. Payne, 35 Va. App. 386, 545 S.E.2d 561 (2001).

"The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence."  Blackburn, 30 Va. App. at 102, 515 S.E.2d at 784.

Here, by giving $114,000 to her adult children, wife removed that sum as an income-producing asset.  She was obligated to invest that money and use the income to reduce her need for spousal support.

While wife was free to give away assets, she must be held accountable for reducing her stream of income.  We conclude, as a matter of law, the trial court erred in not imputing income to wife for the monies given to her adult children.

Based on this evidence, we conclude the trial court erred, as a matter of law, in failing to find that wife's increase in interest income presented a substantial change in circumstances under the terms of the PSA relative to her need for spousal support.  Thus, we remand this matter to the trial court in order for it to determine whether these substantial changes in circumstances were such as to warrant a reduction in spousal support, as this is a determination that must be made by the trial court under Code § 20-109.  See Brown, 53 Va. App. at 726-27, 674 S.E.2d at ___ ; Furr, 13 Va. App. at 481, 413 S.E.2d at 73; Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30.

### B.  Exclusion of Husband's Exhibit Number 4

At the 2008 evidentiary hearing, husband offered a document into evidence, identified as his proposed exhibit number 4.  Wife admitted that the document was her proposed budget at the time the parties executed the PSA.  She also admitted that, with the exception of certain notes on

the document, the entries on it were in her handwriting.  The trial court sustained wife's

objection to the document's admissibility on the ground that "we couldn't determine whose

handwriting" was on the document other than the writing that wife identified as her own.

Although the trial court has discretion in determining the admissibility of evidence, the

court "may not refuse or fail to give parties a reasonable opportunity to develop and present

evidence of value." Mosley v. Mosley, 19 Va. App. 192, 195, 450 S.E.2d 161, 163 (1994).

"Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its

probative value outweighs policy considerations." Blain v. Commonwealth, 7 Va. App. 10,

16-17, 371 S.E.2d 838, 842 (1988).  "'Evidence having rational probative value and which adds

force and effect to other evidence will be admitted unless some other rule requires its

exclusion.'" Piatt v. Piatt, 27 Va. App. 426, 435, 499 S.E.2d 567, 571 (1998) (quoting Peacock

Buick v. Durkin, 221 Va. 1133, 1136, 277 S.E.2d 225, 227 (1981)).  Evidence is probative if it

"tends, even slightly, to throw light upon the main fact in issue." Seilheimer v. Melville, 224 Va.

323, 327, 295 S.E.2d 896, 898 (1982).

In a motion to amend spousal support, the trial court must consider whether there has

been a change in circumstances regarding the payee spouse's financial needs and the payor

spouse's ability to pay support. Barrs, 45 Va. App. at 506, 612 S.E.2d at 230 (citing Hollowell, 6

Va. App. at 419, 369 S.E.2d at 452).

Wife's proposed budget contained in husband's proposed exhibit 4 was clearly relevant

and had probative value, as it showed what her needs were when spousal support was initially

awarded.  On page 3 of the exhibit, wife testified husband totaled the expenses of $4,083.80, less

her income of $395.52 for a total of $3,688.28.  Husband only inserted the mathematical

calculations.  Clearly, none of the husband's additions affected the income and expense figures

which wife indicated were hers.  The budget was also properly authenticated by wife's own

testimony. "Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be." Owens v Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990) (citation omitted).

The dissent engages in a "harmless error" analysis, concluding the information contained in the rejected exhibit was merely cumulative because husband's counsel examined wife on the contents of the document. In furthering this position, wife refers to pages 136-140 of the appendix.

However, a review of those pages reveals only the following facts: wife's gross monthly income was $216 bi-monthly, or $5,184 gross per year, that she paid some federal, state, and Social Security taxes, and that she spent $400 per month on food. These three items were the sum total of the questioning concerning the rejected exhibit 4. This testimony is far from cumulative of the information contained in the three-page document.

We thus conclude the trial court abused its discretion in excluding husband's proposed exhibit number 4, consisting of wife's budget from the time the parties executed their property settlement agreement in 2003. Accordingly, on remand, the court shall consider this exhibit as evidence in the case when determining whether wife's substantial changes in her financial circumstances warrant a reduction in spousal support.

### C. Award of Attorney's Fees to Wife

Husband next argues the trial court erred in awarding wife attorney's fees (in the amount of $5,813.40) incurred in defending husband's motion for modification of spousal support because the award was contrary to the terms of the PSA.

As with any other terms in a valid and enforceable PSA, pursuant to Code § 20-109(C), a trial court is bound by the parties' agreement regarding the payment of attorney's fees. Rutledge v. Rutledge, 45 Va. App. 56, 60-66, 608 S.E.2d 504, 506-09 (2005). Subsection C expressly

restricts the court's jurisdiction such that it can "enter 'no decree or order directing the payment of . . . counsel fee[s] . . . except in accordance with that . . . contract.'" Id. at 67, 608 S.E.2d at 509 (quoting Code § 20-109(C)). In Rutledge, husband and wife specifically agreed in their PSA to the payment of attorney's fees (i) in conjunction with the filing of their divorce action, and (ii) against either party who breached the PSA and caused the other to incur fees in enforcing it. Id. at 65, 608 S.E.2d at 508. They also expressly waived all claims except as provided in the PSA. Id. at 66, 608 S.E.2d at 509. The PSA was then incorporated into the parties' divorce decree. Id. at 58, 608 S.E.2d at 505. On wife's subsequent petition, the trial court granted her an increase in spousal support based on a material change in circumstances, pursuant to the terms of the PSA, but denied her request for attorney's fees. Id. at 58-60, 608 S.E.2d at 505-06. Affirming the trial court, we stated:

> In order to find in this [PSA] a requirement for attorney's fees in other unspecified instances, we "would have to insert words into the writing contrary to the elementary rule that the function of the court is to construe the contract made by the parties, not to make a contract for them." Cave Hill Corporation v. Hiers, 264 Va. 640, 646, 570 S.E.2d 790, 793 (2002). In other words, "what the parties claim they might have said, or should have said, cannot alter what they actually said." Wilson [v. Holyfield, 227 Va. 184, 188, 313 S.E.2d 396, 398 (1984)].

Id. at 65, 608 S.E.2d at 508-09.

Here, as in Rutledge, under the PSA, the parties provided for the payment of attorney's fees in two instances. First, husband agreed to pay a certain sum toward wife's "legal fees and costs incurred in connection with the preparation of [the PSA] and for any action for divorce . . . in accordance with [the PSA]." Second, the parties agreed that, in the event either one of them defaulted under the provisions of the PSA, the "defaulting party shall be liable for all expenses incurred by the substantially prevailing party in connection with the enforcement of [the PSA], including, but not limited to, all legal fees . . . ." In addition, as in Rutledge, the parties agreed,

- 12 -

subject to the provisions of the PSA, to mutually release each other from "all causes of action, claims, rights, or demands whatsoever . . . ."

With provision being made in the PSA for attorney's fees in two specific instances, neither of which included an action for modification of spousal support, along with a release of all rights other than those set forth in the PSA, we must conclude that the trial court erred in awarding attorneys' fees to wife.

## D. Request for Appellate Attorney's Fees

Finally, both husband and wife seek an award of attorney's fees in connection with this appeal. While husband has prevailed on each of his arguments in this appeal, we deny husband's request for appellate attorney's fees. The PSA does not allow for an award of attorney's fees in connection with an action for modification of spousal support. Further, husband gives us no reason to require wife to pay his appellate expenses. "Because nothing in the record indicates wife 'generated unnecessary delay or expense in pursuit of [her] interests' in defending this appeal, Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny husband's request for appellate attorneys' fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)." Klein v. Klein, 49 Va. App. 478, 482-83, 642 S.E.2d 313, 316 (2007). Further, we decline to award attorneys' fees to wife. "Husband has largely prevailed in his appeal. 'We deny wife's request for attorney's fees on appeal given husband's position as prevailing party . . . .' Smith v. Smith, 43 Va. App. 279, 291 n.6, 597 S.E.2d 250, 256 n.6 (2004)." Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008). Therefore, we deny attorney's fees and costs to both parties.

## III. Conclusion

For these reasons, we reverse the trial court's denial of husband's motion to reduce spousal support, concluding that husband established substantial changes in wife's financial

- 13 -

needs. We remand the matter to the trial court for consideration, consistent with this opinion, of whether those changes warrant a modification of spousal support. We further reverse the court's award of attorney's fees to wife, and deny both parties' requests for appellate attorney's fees.

<u>Reversed and remanded.</u>

McClanahan, J., concurring, in part, and dissenting in part.

I concur with the majority in reversing the trial court's award of attorney's fees to wife, and in denying each party's request for appellate attorneys' fees. I disagree with the majority, however, in reversing the trial court's denial of husband's motion to reduce spousal support under the PSA, based on my conclusion that the trial court's decision was neither plainly wrong nor without evidence to support it. I also disagree with the majority in reversing the trial court's exclusion of husband's proposed exhibit number 4 because the ruling, even if erroneous, was harmless error.

I.

Changes in Wife's Financial Status

Husband's challenge to the trial court's denial of his motion to reduce spousal support presents issues of both fact and law. The trial court's interpretation of the PSA is an issue of law, which we review *de novo*. Stacy v. Stacy, 53 Va. App. 38, 43, 669 S.E.2d 348, 350 (2008) (*en banc*). However, we review with "great deference" the court's findings of fact on the issues here presented. Blackson v. Blackson, 40 Va. App. 507, 517, 579 S.E.2d 704, 709 (2003). "Under Code § 8.01-680, a factual determination cannot be reversed on appeal unless 'plainly wrong or without evidence to support it.'" Congdon v. Congdon, 40 Va. App. 255, 261, 578 S.E.2d 833, 836 (2003). Accordingly, "if the record contains credible evidence in support of the findings made by [the trial] court, we may not retry the facts or substitute our view of the facts for those of the trial court." Id. at 266, 578 S.E.2d at 838 (citation and internal quotation marks omitted).

When spousal support is payable under the terms of a valid and enforceable PSA, as in the instant case, Code § 20-109 limits the authority of a trial court to modify that obligation. Smith v. Smith, 41 Va. App. 742, 751, 589 S.E.2d 439, 443 (2003). "'In such cases, the intent of

- 15 -

the parties as expressed in the agreement controls, and the agreement is treated as a contract and construed in the same manner as all contracts.'" Id. (quoting White v. White, 257 Va. 139, 144, 509 S.E.2d 323, 325 (1999)). That is to say, "the statutory proviso [in Code § 20-109(C)], that no order 'shall be entered except in accordance with the . . . contract,' requires the trial judge to examine the parties' agreement to ascertain whether the relief sought by the moving party is encompassed within the terms of the agreement." Rutledge v. Rutledge, 45 Va. App. 56, 63, 608 S.E.2d 504, 508 (2005) (citing White, 257 Va. at 144-45, 509 S.E.2d at 326); see Newman v. Newman, 42 Va. App. 557, 568-69, 593 S.E.2d 533, 539 (2004) ("Absent equitable grounds warranting rescission, a [PSA] cannot be judicially modified or terminated at the unilateral request of a contracting party unless the agreement expressly authorizes such relief.").

Here, husband was obligated under the PSA to pay wife $3,500 per month in spousal support, subject to modification "based upon a substantial change of circumstances *not otherwise set out herein*." (Emphasis added.) The parties further expressly acknowledged in the PSA that they had taken into consideration all of the Code § 20-107.1 factors for determining spousal support, in reaching their agreement on spousal support. Thus, as further specifically acknowledged, the parties considered, *inter alia*, "the earning capacity . . . of each other, the education and training of each other and ability and opportunity of each to secure such education and training, . . . the property interests of each, [and] the provisions made with regard to the parties' property according to the terms of this [a]greement." In doing so, the parties gave "due regard to the ability of each party . . . to provide for his or her own support and maintenance."

The PSA further provided that, in exchange for wife relinquishing her interest in certain marital assets under the PSA, husband agreed to pay wife a certain sum, part of which was in the form of a deferred payment of $550,000 evidenced by a promissory note, payable as follows: "principal payment of $50,000.00 on or before November 1, 2003, and $25,000.00 on or before

- 16 -

May 1, 2004, and $25,000 on each succeeding May 1, with the entire balance, if not sooner paid, due and payable on May 1, 2023." In addition, the note was to be secured by a deed of trust on the marital residence, one of the assets husband acquired under the PSA.

### (i) Wife's Wages

Husband first argues that wife's increase in wages from $9,624 in 2004 to $27,704 in 2008 constituted such a change in her financial circumstances as to warrant a reduction in spousal support under the terms of the PSA and that the trial court erred in finding otherwise.[4]

What both husband and the majority, in accepting husband's argument on this issue, ignore is the specificity of the PSA in setting forth the "factors" that the parties considered in reaching their agreement on spousal support. Those factors included, among other things, wife's "earning capacity," "education and training," and "ability to provide for . . . her own support and maintenance." A commonly accepted definition of the term "earning capacity" essentially incorporates these other factors: "A person's ability or power to earn money, given the person's talent, skills, training and experience." Black's Law Dictionary 547 (8th ed. 2004). See Recker v. Recker, 48 Va. App. 188, 192, 629 S.E.2d 191, 193 (2006) (We give "[o]rdinary words . . . their ordinary meaning when constructing [a PSA]." (citing Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985))).

---

[4] The majority represents that wife was working part-time making $5,184 a year at the time the PSA was incorporated into the final divorce decree in 2004. That was, however, the salary wife was earning in 2003 at the time of the parties' separation. When the support award was entered under the final divorce decree—by way of incorporation of the PSA—in 2004, wife was earning $9,624 a year from her part-time job. Then, as husband asserts on brief, wife experienced a "287.86% increase" in wages from 2004 to 2008, at which time she was earning $27,704 a year from her full-time job. And that is the increase in wages upon which husband bases his argument, i.e., that such increase following the 2004 spousal support award constituted a substantial change in circumstances warranting a reduction in the award.

Husband presented no evidence that wife's earning capacity, education and training, and/or ability was any different in 2008, at the time of the evidentiary hearing, than it was in 2003 when the parties executed the PSA, or in 2004 when the PSA was incorporated into their final divorce decree. What the evidence did show, however, was that wife had simply gone from a part-time job as a retail sales clerk to a full-time job as a retail sales clerk, making an income "above minimum wage, but not by much," as the trial court found. Based on this record and a reasonable construction of the PSA, I do not believe this Court can hold, under our governing standard of review, that the trial court was plainly wrong, or without evidence to support its ruling, when the trial court concluded that wife's change in wages from 2003 to 2008 presented "no significant or substantial change in circumstances *not envisioned* in the [PSA]."[5] (Emphasis added.)

### (ii) Wife's Interest Income

Husband next argues the trial court erred in failing to find that wife's increase in interest income, arising from his satisfaction of the promissory note given to wife pursuant to the PSA, constituted a substantial change of circumstances justifying a reduction in spousal support. Again, I disagree with the majority that this development presented a substantial change in wife's financial circumstances, which was not reasonably foreseeable under the terms of the PSA.[6]

---

[5] Of course, as the trial court noted in its letter opinion, a significant change in the payee spouse's income "would justify, in some instances," the fact finder's conclusion that a change of circumstances existed warranting "a revision in spousal support." And, such a finding would be reviewed by the appellate court with the same degree of deference. See Congdon, 40 Va. App. at 266, 578 S.E.2d at 838 ("[I]f the record contains credible evidence in support of the findings made by [the trial] court, we may not retry the facts or substitute our view of the facts for those of the trial court." (citation and internal quotation marks omitted)).

[6] The majority states in footnote 3 that wife's argument regarding her increase in interest income, as well as her increase in wages, "is limited to 'foreseeablitiy' of the change, not whether there has been a substantial change in circumstances." But it is apparent from wife's

- 18 -

It was undisputed that wife was receiving approximately $18,000 a year in interest income at the time of the 2008 evidentiary hearing primarily as a result of husband paying to her the sum of $425,000 in the spring of 2007. This sum was the balance husband owed to wife on the promissory note he gave her—as part of her marital property distribution—in exchange for his receipt of certain marital assets, including the marital residence, pursuant to the terms of the PSA. Those terms further provided that the note would be secured by a deed of trust on the "former marital residence." The sale of the residence would thus trigger the lump sum payment of any outstanding balance husband owed on the note, as, in fact, occurred upon husband's sale of this property in the spring of 2007. Absent such a sale, husband had the option under the note, as provided in the PSA, to satisfy his obligation at any time, or continue making payments of $25,000 a year, through the year 2023.[7]

It was, therefore, reasonably foreseeable under the terms "set out" in the PSA that husband would satisfy, sooner rather than later, his promissory note to wife with a lump sum payment, particularly in light of the fact that he could not sell the former marital residence without triggering full and final payment of that obligation—which, of course, proved to be the reason he was required to satisfy the note as early as 2007. See Barrs v. Barrs, 45 Va. App. 500, 507-09, 612 S.E.2d 227, 230-31 (2005) (reversing the trial court, in reducing spousal support based on wife's receipt of interest income, where that income was reasonably foreseeable). Such lump sum payment—as part of wife's marital property distribution—was thus "envisioned in the

brief that she is arguing that what is "foreseeable" under the terms of the PSA cannot constitute a "substantial change in circumstances," consistent with the ruling of the trial court: "The [c]ourt finds no significant or substantial change in circumstances not envisioned in the [PSA]."

[7] Thus, under the PSA, two separate provisions provided for husband's satisfaction of the promissory note to wife with a lump sum payment. Those provisions negate the majority's assertion that "[t]he only lump sum payment envisioned by the PSA was a $268,000 payment from husband to wife to enable her to purchase her own residence and an initial $50,000 payment due on or before November 1, 2003."

[PSA]" relative to the spousal support obligation. Indeed, the parties expressly acknowledged in the PSA that they considered "the property interests of each, [and] the provisions made with regard to the parties' property according to the terms of [the PSA]" in reaching their agreement on spousal support. This specifically included the distribution of the "marital property," as set forth in subsection (E)(8) of the Code § 20-107.1 factors for determining spousal support, all of which factors the parties incorporated by reference into the PSA. See id. at 508, 612 S.E.2d at 231 ("Code § 20-107.1 requires . . . consider[ation] [of] the 'provisions made with regard to the marital property . . . . Thus, an award of spousal support must be made in light of the financial result of the equitable distribution award." (citation omitted)). This Court has held that the Code § 20-107.1 requirement for consideration of the "'provisions made with regard to the marital property'" necessarily includes "passive income [from that property] in the form of interest." Id.; see Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997) (holding that Code § 20-107.1 requires consideration of the "income generating potential" of assets received in equitable distribution).[8]

Accordingly, in executing the PSA, the parties necessarily anticipated husband's payments to wife under the promissory note, and the acceleration of those payments, as part of her marital property distribution, and the interest income that she might earn on that asset. "[C]ircumstances" that are "set out" or "envisioned" in the PSA cannot be a basis for modifying husband's spousal support payments under the PSA.

I do not agree, as the majority holds, that wife cannot claim that the lump sum payment was reasonably "foreseeable" under the terms of the PSA because she is bound by her testimony

---

[8] See also Ray v. Ray, 4 Va. App. 509, 513-15, 358 S.E.2d 754, 756-57 (1987) (court may not consider the corpus of a monetary sum derived from equitable distribution as income to the receiving spouse); see generally Peter N. Swisher, Lawrence D. Diehl, & James R. Cottrell, Family Law: Theory, Practice, and Forms § 9:9, at 313-18 (2009).

to the contrary under <u>Massie v. Firmstone</u>, 134 Va. 450, 462, 114 S.E. 652, 656 (1922). Her comment at one point in her testimony was that "[she] did not have any idea that [she] would see [the money owed to her under the note]." She also subsequently answered in the affirmative to her counsel's question: "You said you didn't expect to receive that money. Is it that you didn't expect to receive the $425,000 when you got it?" In the absence of any evidence regarding husband's credit worthiness or the security for the note, those comments should be viewed as no more than wife's "mere expressions of opinion" regarding her husband's future conduct—and certainly not statements of fact within her own knowledge—thus removing them from the purview of the <u>Massie</u> doctrine. <u>Braden v. Isabell K. Horsley Real Estate, Ltd.</u>, 245 Va. 11, 16, 425 S.E.2d 481, 484 (1993) (citing <u>Erlich v. Hendrick Constr. Co.</u>, 217 Va. 108, 114, 225 S.E.2d 665, 669 (1976)); <u>see</u> <u>Chappell v. White</u>, 182 Va. 625, 632-34, 29 S.E.2d 858, 861-62 (1944).

Furthermore, under the "plain meaning rule" the trial court should not consider other evidence as to the parties' agreement. <u>Waynesboro Village, L.L.C. v. BMC Properties</u>, 255 Va. 75, 79-80, 496 S.E.2d 64, 67 (1998); <u>Amos v. Coffey</u>, 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984) (both cases defining and applying the rule) (citations and internal quotation marks omitted). Husband's lump sum payment under the PSA was plainly "envisioned" under the PSA, and is, therefore, governed by the plain meaning rule. Thus, "'[t]he writing alone [was] the evidence of the contract, and no other [evidence was to] be received.'" <u>Stewart-Warner Corp. v. Smithey</u>, 163 Va. 476, 487, 175 S.E. 882, 886 (1934) (quoting <u>Coal River Collieries v. Eureka Coal & Wood Co.</u>, 144 Va. 263, 283, 132 S.E. 337, 343 (1926)); <u>see</u> <u>Golding v. Floyd</u>, 261 Va. 190, 192-93, 539 S.E.2d 735, 736-37 (2001); <u>Jim Carpenter Co. v. Potts</u>, 255 Va. 147, 155, 495 S.E.2d 828, 832-33 (1998).

The trial court's rejection of husband's claim that wife's increased interest income presented a substantial change of circumstances under the PSA was thus, in my opinion, neither plainly wrong nor without evidence to support it.

### (iii) <u>Wife's Gifts to Children</u>

For the reasons set forth in subsection two above, I also disagree with the majority in concluding that wife's gift of $114,000 to the parties' two adult children should have been imputed to her at the time of the 2008 hearing, thereby giving rise to a substantial change in circumstances under the PSA.

It is undisputed that the source of the gift was husband's final payment on his promissory note to wife pursuant to the PSA. As explained above, the parties considered wife's receipt of payment(s) under the note and interest income that she might earn from those proceeds in reaching their agreement on spousal support under the PSA. That having been done, the trial court did not err in concluding that the fact wife gave to their children a part of the proceeds from the final payment on the note did not amount to a substantial change in circumstances justifying a modification of spousal support, and was thus "no business of [husband]."

### II.

### Husband's Proposed Exhibit Number 4

With regard to wife's alleged reduction in expenses, the second ground for husband's motion to reduce spousal support, wife testified about her budget planned in anticipation of executing the PSA in 2003, and about her income and expenses as of the time of the hearing in 2008. More specifically, relative to this appeal, during the course of wife's testimony, husband's counsel questioned her at length concerning a handwritten document containing information about her proposed budget for the period following the parties' separation; and she answered counsel's questions, without objection. Wife explained, however, that not all of the information

on the document was in her handwriting. After husband's counsel completed his examination of wife regarding the document, he moved to introduce it as husband's exhibit number 4. The circuit court denied admission of the document on the basis that it contained handwriting that was not attributable to wife.

Husband argues the trial court abused its discretion in excluding his exhibit number 4 as documentary evidence in the case. Even if this ruling amounted to error, a question we do not decide, it was harmless error. Therefore, it does not require reversal. See Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997).

"In order to constitute reversible error, a trial court's ruling 'must be material and prejudicial to the interests of the party complaining of it.'" CSX Transp. v. Casale, 247 Va. 180, 183, 441 S.E.2d 212, 214 (1994) (quoting Taylor v. Turner, 205 Va. 828, 831, 140 S.E.2d 641, 643 (1965); citing Code § 8.01-678). The document at issue contained information about wife's personal budget planned in anticipation of the parties' separation and execution of the PSA. Husband moved for its admission, which the court denied on the basis that it contained handwriting that was not attributable to wife. Despite this ruling, however, husband was given the opportunity to, and did, in fact, question wife at length about the contents of the document; and wife answered counsel's questions. Her testimony thus rendered the document "merely cumulative." May v. Caruso, 264 Va. 358, 363, 568 S.E.2d 690, 693 (2002) ("Assuming, without deciding, that the entire content of the exhibit was relevant to some contested issue before the jury, the exclusion by the trial court of relevant evidence does not constitute reversible error if that evidence is merely cumulative." (citing Pace v. Richmond, 231 Va. 216, 227, 343 S.E.2d 59, 65 (1986); Eason v. Eason, 203 Va. 246, 254, 123 S.E.2d 361, 367 (1962))). I, therefore, would hold that the court's exclusion of the document did not constitute reversible error.

## III.

Accordingly, I respectfully dissent from those parts of the majority opinion reversing the trial court on its denial of husband's motion to reduce spousal support, remanding the case for reconsideration of husband's motion, and reversing the trial court on its exclusion of husband's exhibit number 4.