**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1201**

———————

CLARA SCHACK,

        Plaintiff - Appellant,

    v.

PARALLON ENTERPRISES, LLC,

        Defendant - Appellee,

    and

LEWIS-GALE HOSPITAL, INC.; HCA – THE HEALTHCARE COMPANY; MONTGOMERY REGIONAL HOSPITAL, INC.,

        Defendants.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Thomas T. Cullen, District Judge.  (7:19-cv-00767-TTC-RSB)

———————

Submitted:  August 31, 2022               Decided:  June 23, 2023

———————

Before GREGORY, Chief Judge, MOTZ, and TRAXLER, Senior Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Brittany M. Haddox, Thomas E. Strelka, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Susan Childers North, Brett C. Herbert, GORDON

2

REES SCULLY MANSUKHANI, LLP, Williamsburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clara Schack appeals the district court's order granting Parallon Enterprises, LLC ("Parallon") summary judgment on Schack's claims of breach of contract and fraudulent inducement ("the state law claims"); discrimination, in violation of the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213; and failure to accommodate, in violation of the ADA.[*] We affirm.

We review de novo a district court's grant or denial of a motion for summary judgment, "review[ing] the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in [her] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [her] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). Ultimately, we will uphold the district court's grant of summary judgment unless we find that a reasonable jury could return a verdict for the

---

[*] Schack also argues that Parallon's failure to accommodate her violated the PDA. However, Schack did not raise this claim in her amended complaint, and she therefore cannot pursue it here.

3

nonmoving party on the evidence presented. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018).

Beginning with the state law claims, to establish a breach of contract in Virginia, a plaintiff must show "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Drummond Coal Sales, Inc. v. Norfolk S. Ry. Co.*, 3 F.4th 605, 613 (4th Cir. 2021) (internal quotation marks omitted). The party asserting the existence of a contract bears the burden of establishing the existence of a legally enforceable agreement. *Brown v. Brown*, 674 S.E.2d 597, 599 (Va. Ct. App. 2009). "In order to be binding, an agreement must be definite and certain as to its terms and requirements; it must identify the subject matter and spell out the essential commitments and agreements with respect thereto." *Dodge v. Trs. of Randolph-Macon Woman's Coll.*, 661 S.E.2d 801, 803 (Va. 2008) (internal quotation marks omitted).

Although it is contract-related, fraudulent inducement is a tort. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 628 (4th Cir. 1999). "In Virginia, to prevail on a claim for fraud in the inducement, a plaintiff must prove . . . (1) the defendant made a material misrepresentation for the purpose of procuring a contract; (2) the plaintiff relied on the misrepresentation; and (3) the plaintiff was induced by the misrepresentation to enter into the agreement." *Fransmart, LLC v. Freshii Dev., LLC*, 768 F. Supp. 2d 851, 864 (E.D. Va. 2011) (footnote omitted). Critically, "the misrepresentation or concealment must have been intended to induce and must, in fact, have induced the formation [or

4

performance] of [a] contract." *Ware v. Scott*, 257 S.E.2d 855, 857 (Va. 1979); *see also* *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007).

After reviewing the record, we conclude that the district court did not err by finding that Schack did not establish the existence of an enforceable contract obliging Parallon to transfer Schack from one position to another. As the existence of a contract is vital to the success of Schack's state law claims, the district court did not err by finding that Parallon was entitled to judgment as a matter of law on those claims.

Moving to Schack's first ADA claim, "[t]o establish a claim of disability discrimination under the ADA, a plaintiff must prove (1) that she has a disability, (2) that she is a qualified individual for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability." *Smith v. CSRA*, 12 F.4th 396, 412 (4th Cir. 2021) (cleaned up). "An employee is qualified if they can perform the essential functions of the employment position they hold or desire, either with or without reasonable accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238 (4th Cir. 2021) (cleaned up); *see* 42 U.S.C. § 12111(8).

We conclude that Schack forfeited appellate review of an essential element of this claim: whether she is a qualified individual under the ADA. "[A] party must do more than raise a non-specific objection or claim to preserve a more specific argument on appeal. Rather, to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, 922 F.3d 568, 578 (4th Cir. 2019) (internal quotation marks omitted). Schack did not press the arguments she makes on

5

appeal regarding this issue before the district court and, therefore, failed to ask this court and the district court "to evaluate the same fundamental question." *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 528 (4th Cir. 2022) (internal quotation marks omitted).

Next, to establish a claim under the PDA, a plaintiff may either present direct evidence of discriminatory intent or proceed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228-30 (2015). To establish a prima facie case of discrimination under *McDonnell Douglas*, as Schack attempted to do here, a plaintiff must first establish that (1) she is a member of a protected class; (2) she suffered an adverse action; (3) her job performance was satisfactory; and (4) the adverse action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). Our review of the record leads us to conclude that the district court did not err by finding that Schack had not established each element of her prima facie case on this claim.

Finally, to succeed on a failure to accommodate claim under the ADA, a plaintiff must prove "(1) that [s]he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [s]he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." *Wirtes*, 996 F.3d at 239 (internal quotation marks omitted). Because Schack did not provide the required medical documentation, the district court did not err by granting Parallon summary judgment on

6

this claim. *See Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 812 (6th Cir. 2020); *see also* 29 C.F.R. Pt. 1630, App. (2022).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*